LMH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Garza, | No. CV 05-3592-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

In this civil rights action brought by a former county jail inmate, Defendant Arpaio has moved to dismiss (dkt. #9) for lack of exhaustion. Plaintiff failed to respond, and Defendant moved (dkt. #15) to summarily grant the motion to dismiss. The Court will grant Defendant's motions.

**A.    Exhaustion**

Plaintiff must first exhaust available administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, No. 05-15650, ___ F.3d ___, 2006 WL 1529029, at *2 (9th Cir. June 6, 2006); Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is required regarding all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); see also Ngo v. Woodford, 403 F.3d 620, 626 (9th Cir.), cert. granted, 126 S. Ct. 647 (2005). The court considers exhaustion as a matter of abatement in an unenumerated Rule 12(b)

motion and may look beyond the pleadings to decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. The court has broad discretion as to the method to be used in resolving the factual dispute. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

In this case, there are no disputed fact issues. Plaintiff brought a verified Complaint, admitting that Count I (lack of privacy) and Count II (unsanitary conditions) were not appealed to the highest level because "they know already." (Compl. at 4, ¶ 5; at 5, ¶ 5.) Defendant moved to dismiss, relying upon this admission and the affidavit of Zelean Tademy, a Hearing Officer for inmate discipline and grievances. Tademy asserts that Plaintiff filed a grievance on these claims but did not appeal them through all the available levels of review. (Tademy Aff., ¶ 11, Ex. 1, dkt. #10).

Plaintiff was issued an order (dkt. #12) containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so. Yet, he failed to respond. On this record, Defendant has met his burden of demonstrating the absence of exhaustion. The Court will therefore grant their motion to dismiss.

## B.   **Lack of Response**

Defendant has also moved for the Court to summarily grant the motion to dismiss because Plaintiff's lack of response could be deemed as consent to the motion under Rule 7.2(i) of the Local Rules of Civil Procedure. The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to follow a similar local rule in the District of Nevada. <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. <u>Id.</u> at 53 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. <u>Henderson</u>, 779 F.2d at 1424.

1    The factors do not favor Plaintiff.  The interests in judicial economy reflected in the first two factors have significant weight in the action, particularly in light of the huge number of filings similar to Plaintiff's as was noted in the Court's earlier screening Order (dkt. #4 at 1 n.1).  On the third factor, there is no risk of prejudice to Defendant to resolve the motion in his favor.  The fourth factor of favoring disposition of cases on their merits weighs in favor of Plaintiff but only slightly so because Plaintiff has failed to rebut Defendant's showing of the absence of exhaustion.  For the fifth factor, there no less drastic sanction in light of the absence of exhaustion.  Thus, the five-factor analysis weighs in Defendant's favor, and the Court will deem Plaintiff's lack of a response as a consent and dismiss the action against Defendant.

**IT IS ORDERED** that Defendant's motion to dismiss (dkt. #9) and motion to summarily grant the motion to dismiss (dkt. #15) are **granted**.  Plaintiff's action is dismissed for lack of exhaustion or, alternately, for failure to respond.  The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 12th day of June, 2006.

_____
David G. Campbell
United States District Judge